Chief Justice Robertson
delivered the opinion of the Court.
This writ of error is prosecuted to reverse an order of the county court of Gallatin admitting to record, as the last will of Nathaniel Sanders, senior, a paper purporting to be his will, and to have been published in 1825.
The execution of the will, and the disposing ea. pacity of the testator, have been satisfactorily proved. But the plaintiffs in error, insist on the following, as sufficient causes for setting aside the will. First, that it was revoked by a subsequent will. Second, that it was cancelled by tearing off the testator’s signature, in his presence and with his concurrence. And third, that all parties concerned are es-topped by an agreement under seal, and by a decree thereupon for distributing the estate of the testator, as if he had died intestate.
Fi:st. The paper relied on asa revocation was rejected by the county court, and that order is in full force. We are not permitted now to reverse the or *505 der rejecting that document; and consequently, we cannot now decide, that the will of 1825 was ever revoked.
Second. Tt ha« heen proved, that the testator’s name was torn off in the room in which he was Iv-in". hv liis son, Robert Sanders, jr. immediately afte," lie had acknowledo'e'1 his signature to the paper, .afterwards reiected bv the county court. But the facts tend strnnglv to prove, that the testator had not, at that time, a disnosinv mind. And there is not. onlv no proof that he authorized or sanctioned the .-wf of his son Robert, hut there is good reason for inferring from his puie«cent, fornid, and almost senseless condition at the time, and from other facts which have heen proved, that he did not even know that his signature was to be or bad been torn off- Wherefore, we do not feel authorized to decide that the will was cancelled.
Third. All the persons interested in establishing the will were not parties to the agreement relied on as an estoppel.' But. even if thev had heen, no such agreement could little the effect of revoking or destroying the will If the agreement he obligatory on the parties to it, this court cannot enforce it on this writ, of error; but the remedy must be first sought in another forum,
The onlv question we can now decide is, u mis the document of 1825 the last will and testament of Nathaniel Sanders, senior, at the time of his death ?” If it was then his will, it is yet his will; and it cannot he a will as to some only, but must be a will as to all of the devisees.
Nor can the decreee for distributing the estate conclude the question, and the only one. presented, upon this writ of error. The decree seems to he ..chiefly interlocutory ; and does not affect the will itself. Neither the execution of the will, nor the capacity of the testator was involved or adjudicated tm.
The onlv effect which the facts presented on this last point could legitimately have in this ease, is, that thev might operate as sotno evident;* of the *506 cancellation of the will ; but, allowing them their utmost influence in this: particular, we have not been able to decide that the will was ever properly ■cancelled. We must, therefore, as the facts now appear, consider it as the true last will of Nathaniel Sanders, senior, deceased.
Hoggin, Monroe, and Sanders, for plaintiffs y Crittenden and Marshall, for defendants.
Wherefore, the order of the comity court is affirmed.